Jack H. BROWN, Vernon Gatlin, Dan Gatlin, Sol Freed and William Bailey, Plaintiffs–Appellants,

v.

ROYCE BROKERAGE, INC. et al., Defendants,

Shearson Hayden Stone, Inc., Defendant–Appellee.

No. 79–2556.

United States Court of Appeals, Fifth Circuit.
Unit A

Dec. 12, 1980.

---

Before THORNBERRY, RANDALL and TATE, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellants were customers of Royce Brokerage, Inc., a commodity option broker. Appellants opened discretionary trading accounts with Royce in order to acquire certain cocoa options on the London Commodities Exchange. Royce was not a member of the leading exchanges, and therefore opened an account with appellee Shearson Hayden Stone, Inc., through which it executed orders on behalf of appellants. Claiming damages arising from the mishandling of their discretionary accounts, appellants brought suit against Royce, three Royce employees, and Shearson. After a hearing on the merits, the trial court entered a judgment that in part ordered appellants to take nothing from Shearson. Appellants challenge only that part of the judgment. For the reasons that follow, we affirm.

Apparently, Royce did not properly register with the Commodity Futures Trading Commission. Appellants argue that Royce would have had no opportunity to mishandle their accounts if only Shearson had inquired into Royce's registration status. They assert that § 6k(1) of the Commodity Exchange Act, 7 U.S.C. § 1 et seq., gives rise to a private cause of action and, under the facts of this case, imposed on Shearson a duty to determine whether Royce was properly registered. We need not reach the question whether § 6k(1) affords a private right of action, for we hold that this section does not impose on Shearson a duty to inquire into the registration status of one of its customers.

Section 6k(1) declares it unlawful for any person to be associated with any futures commission merchant or with any agent of a futures commission merchant as a partner, officer, or employee (or any person occupying a similar status or performing similar functions), in any capacity which involves ... the solicitation or acceptance of customers' orders

Durwood D. Crawford, Dallas, Tex., for plaintiffs–appellants.

William D. Sims, Jr., T. Ray Guy, Dallas, Tex., for defendant–appellee.

unless that person is properly registered with the Commission. The section further provides that

> it shall be unlawful for any futures commission merchant or any agent of a futures commission merchant to permit such a person to become or remain associated with him in any such capacity if such futures commission merchant or agent knew or should have known that such person was not so registered....

Appellants argue that although Royce was not a partner, officer, or employee of Shearson, it did occupy a "similar status" and perform "similar functions," thereby falling within the language of the statute. The facts simply do not support this argument. Unlike a partner, officer, or employee of Shearson, Royce solicited and accepted orders from its *own* customers, and executed those orders through Shearson merely because Royce was not qualified to deal directly on the London Commodities Exchange. The trial court specifically found that plaintiffs were customers of Royce, not Shearson, and that they dealt only with Royce. The court found that while Royce remained an active company, Shearson did not know the identity of Royce's customers, the nature of their accounts, or their investment goals and objectives. Finally, the court found that Shearson fulfilled all of its duties to Royce in connection with executing the orders that Royce placed with Shearson. The court then concluded that Royce was not a partner, officer, or employee of Shearson, nor did it occupy a similar status or perform similar functions.

We agree. The relationship between Royce and Shearson was no more than that of customer and broker. Royce did not transact business *with* customers of Shearson, but *as* a customer of Shearson. Section 6k(1) imposes a duty on a futures commission merchant to inquire into the registration status of those persons associated with it as a partner, officer, employee, or in some similar capacity. The section imposes no duty on a broker to inquire into the registration status of one of its customers, merely because that customer may be acting on behalf of other individuals.

We therefore AFFIRM the judgment of the court below.